UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUSAI MAHASIN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:06-CV-551-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Qusai Mahasin to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## Background

On December 13, 2002, a jury found Mahasin guilty of one count of possession of heroin with intent to distribute, one count of possession of a firearm during and in relation to a drug trafficking offense, one count of attempted murder of a federal witness, and one count of possession of a firearm during a crime of violence. Mahasin was sentenced to 612 months' imprisonment and five years of supervised release; he was ordered to pay $400.00 in special assessments and $2,345.15 in restitution. *United States v. Mahasin,* No. 4-02-CR-00004-SNL (E.D.Mo. Feb. 28, 2003) (judgment). On April 7, 2004, the Eighth Circuit affirmed Mahasin's conviction and sentence. *See United States v. Mahasin*, 362 F.3d 1071 (8th Cir. 2004). The Eighth Circuit denied Mahasin's petitions for rehearing en banc and rehearing by the panel on June 4, 2004. *United States v. Mahasin*, No. 03-1672 (8th Cir. 2004). On May 26, 2005, the undersigned denied Mahasin's motion for leave to file a motion pursuant to 28 U.S.C. § 2255 out of time. *Mahasin,* No. 4-02-CR-00004-SNL [Doc. 208]. Mahasin did not file a writ of certiorari in the United States Supreme Court.

**The motion**

Mahasin seeks to vacate, set aside or correct his conviction and sentence on the grounds that he is actually innocent of counts 1, 3 and 4 of the indictment, and that he was denied effective assistance of counsel at trial and on appeal.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. Because Mahasin did not file a petition for writ of certiorari with the United States Supreme Court, his one-year limitations period began to run ninety

days after June 4, 2004. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003) ("...[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Thus, Mahasin's sentence became final on September 2, 2004, and he had until September 2, 2005, in which to file his § 2255 motion. The instant motion, however, was filed on March 31, 2006, more than six months after the running of the limitations period. The motion is, therefore, time-barred.

Furthermore, even if the limitations period is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), Mahasin has not asserted any facts indicating that equitable tolling applies in this case. *Id*. (noting that, in habeas context, equitable tolling is proper when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] be **DISMISSED**, without prejudice, as time-barred.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss [Doc. 4] be **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated this   25th   day of April, 2006.

  /s/ Stephen N. Limbaugh
  **SENIOR UNITED STATES DISTRICT JUDGE**